# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WINDSOR OAKS, LLC, | ) |
|     **Plaintiff/** | ) |
|     **Counterclaim-Defendant,** | ) |
| vs. | ) Case No. 17-CV-689-SMY-SCW |
| THE CINCINNATI INSURANCE COMPANY, | ) |
|     **Defendant/** | ) |
|     **Counterclaimant.** | ) |

## MEMORANDUM AND ORDER

Plaintiff/Counterclaim-Defendant Windsor Oaks, LLC ("Windsor Oaks") filed suit against Defendant/Counterclaimant Cincinnati Insurance Company ("Cincinnati") alleging wrongful denial of an insurance claim for earthquake damage to its premises (Doc. 1-1). The case was removed to this Court on diversity jurisdiction grounds (Doc. 1), and Cincinnati filed an answer and counterclaim for declaratory judgment (Doc. 7). The matter is now before the Court on Cincinnati's Motion for Summary Judgment (Doc. 30). Windsor Oaks filed a Response (Doc. 32), and Cincinnati filed a Reply (Doc. 33). For the following reasons, summary judgment is **GRANTED IN PART** in favor of Cincinnati.[1]

## LEGAL STANDARD

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

---

[1] A genuine issue of material fact remains as to the meaning and significance of the notation "N/A" on an "Agreement Award" for the claim at issue in this case. However, Windsor Oaks has chosen not to brief the issue of bad faith/vexatious refusal to pay under Illinois statute, therefore conceding the issue.

law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). When deciding a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

## **DISCUSSION**

Windsor Oaks asserts that a hotel it owns and operates in Graysville, Illinois was damaged by earthquakes on May 28, 2015 and/or May 30, 2015. (Doc. 1-1 at ¶¶5-6). As a result, it filed an insurance claim (the "Earthquake Claim") with Cincinnati, the hotel's insurer. (Doc. 1-1 at ¶10).[2] Cincinnati received a report from its retained inspector, Donan Engineering, suggesting that the damage was not earthquake-related, but instead the result of settlement and substandard construction. (Doc. 31-4 at 8-9). Cincinnati therefore denied the Earthquake Claim as falling under an exception to coverage for damage due to settling. (Doc. 31-5).

---

[2] There were two additional claims submitted by Windsor Oaks to Cincinnati at approximately the same time, alleging wind, hail and storm damage to the hotel. These claims have been resolved separately using the appraisal process discussed below.

Subsequently, Windsor Oaks invoked the "Appraisal Clause" of the insurance policy which provides, "[i]f 'we' [Cincinnati[ and 'you' [Windsor Oaks] disagree on the value of the property, the amount of Net Income and operating expense, or the amount of 'loss', either may make written demand for an appraisal of the 'loss'." (Doc. 31 at 5-6). The parties select their own appraisers, who in turn select an umpire. The appraisers each "state separately set the value of the property, the amount of Net Income and operating expense, and amount of 'loss'." (Id. at 6). If the appraisers do not agree, they are to "submit their differences to the umpire[,]" at which point a decision "agreed to by any two will be binding." (Id.).[3]

The parties appointed their appraisers – Randy Grundy for Cincinnati and Matthew J. Broughton for Windsor Oaks – who in turn agreed upon Mike Abell as an umpire. (Appraisal Agreement, Doc. 31-7). Grundy and Abell subsequently signed a form entitled "Agreement Award," which states that they had reviewed the documentation "necessary to form a reasonable opinion as to the proper loss calculation" for the Earthquake Claim, and "[h]aving reached the consensus required to resolve the above referenced claim…we have hereby formed the opinion that the actual cash value and/or replacement cost value where applicable, for the property damaged in the above referenced claim, and find as follows[.]" (Doc. 31-10 at 2). The boxes for Dwelling Replacement Cost and Actual Cash Value are marked "N/A," as are the boxes for Total Amount of Loss. (Id.). The form notes that the conclusions are "subject to applicable policy language and exclusions, as well as deductible obligations of the insured." (Id.).

Cincinnati is not entitled to summary judgment based on the Agreement Award for two reasons. First, the presented language of the Appraisal Clause does not vest the appraisers or the

---

[3] Despite the provision that the agreed decision will be binding, the insurance policy apparently contains a provision that Cincinnati retains the right to deny the claim. It is unclear how this provision could be "binding" when the drafting party can subsequently ignore the result by denying the claim entirely.

umpire with the power to make binding determinations as to whether or not given damage falls within a coverage exception. Second, there is a genuine issue of material fact as to what the notation "N/A" on the Agreement Award means.

As an initial matter, it is unclear that the Agreement Award would be dispositive of the case. Assuming for the moment that "loss" is not a defined term (which the Court must, since the parties have not produced the actual policy), the questions presented to the appraisers and umpire seek determinations of value – What is the value of the property? How much money did the insured lose? The question at issue here, however, includes both value and causation.

There seems to be no dispute that the hotel was damaged. Donan Engineering's report includes photos of cracks and similar problems, and the parties have resolved claims for damage they agree was caused by other factors. The question that will determine whether the claim falls within a coverage exclusion is what caused the damage. Because this question is outside the scope of the appraisers and umpire's referral under the language presented, even a plain explicit statement by the umpire and one appraiser that there are no damages attributable to earthquakes would not necessarily be dispositive of this case. Further, the Appraisal Clause allows Cincinnati to deny a claim under a coverage exception even in the face of a completed appraisal; again suggesting that an appraisal award, while relevant evidence, does not completely settle the issue in this action.

Even if the Appraisal Clause had the potential to resolve the case, the Appraisal Award as drafted creates a disputed factual issue as to what the "N/A" notation actually means. In common usage, it is generally an abbreviation for "not available" or "not applicable". Cincinnati interprets it as "no award"— a $0 finding. Windsor Oaks argues the notation indicates that there

was no agreement between the umpire and either of the appraisers as to the value of earthquake-related damages, and so the matter remains unresolved.

The Appraisal Award is ambiguous on its face. The table in the Agreement Award clearly calls for numerical values, but the drafter(s) chose to instead insert an abbreviation. Additionally, the common usage definitions for "N/A" make no sense in context. The appraisers and umpire had only one question to answer: what are the replacement and actual cash values of the Earthquake Claim? The answer "not applicable" does nothing to shed any light on that question. Moreover, the recitals indicate that they reviewed sufficient information to make a determination of the value. Yet no value is stated.

Windsor Oaks has produced an Affidavit from Abell, stating that the notation was used because "the earthquake damage was not addressed as part of the claims review." (Doc. 32-3 at ¶6). Broughton, who did not sign the Agreement Award, states that he, Grundy and Abell were unable to come to an agreement between any two of them. (Affidavit of Matthew J. Broughton, Doc. 32-2 at ¶7). Cincinnati submitted an Affidavit from Grundy, stating that "N/A" means "no award" in this context. (Affidavit of Randy Grundy, Doc. 33-1 at ¶10). Based on the totality of the facts currently in the record, the actual meaning of the N/A notation remains a disputed fact that will require testimony to resolve. Neither party's interpretation is clearly correct, and the Court cannot conclude that the Agreement Award entitles Cincinnati to judgment as a matter of law.

Finally, Cincinnati asserts that Windsor Oaks has conceded that no earthquake damage was sustained in its response to summary judgment. Specifically, Cincinnati points to several assertions of undisputed material facts to which Windsor Oaks agreed: that Cincinnati reasonably

relied on the conclusion supplied by Donan Engineering in its report; that one of those conclusions was that the damage to the building is not the result of recent earthquakes; and that Windsor Oaks' own consultant also concluded the damage to the hotel was not caused by an earthquake. (Doc. 33 at 2-3). However, these admissions do not constitute a concession that no damage was sustained from earthquakes. While Windsor Oaks has admitted that the reports of Donan Engineering and its own past inspector contain statements that there was no damage attributable to earthquakes, it has not admitted that those statements are accurate.

For the foregoing reasons, Defendant's Motion for Summary Judgment (Doc. 30) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's claim for bad faith or vexatious refusal to pay is dismissed with prejudice.

**IT IS SO ORDERED.**

**DATED: September 10, 2018**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**